Benjamin Herbert (Bar No. 277356)
E-mail: benjamin.herbert@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
200 Spectrum Center Drive
Suite 1650
Irvine, CA 92618
Telephone: 949.383.2997
Facsimile: 619.235.0398

Bill Di Blanca (*Pro Hac Vice* forthcoming)
E-mail: bdiblanca@polsinelli.com
Jordan Riviello (*Pro Hac Vice* forthcoming)
E-mail: jriviello@polsinelli.com
POLSINELLI
600 Third Avenue, 42nd Floor
New York, NY 10016
Telephone: 212.684.0199

Attorneys for Plaintiffs
HYPER ICE, INC. and
DATAFEEL, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HYPER ICE, INC. and DATAFEEL, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MERCHSOURCE, LLC,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

## THE PARTIES

1. Hyperice is a California corporation with its principal place of business at 525 Technology Drive, Suite 100, Irvine, California 92618. DataFeel is a Delaware corporation with offices located at 1629 K Street NW, Suite 300, Washington, DC 20006.

2. Defendant is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 7755 Irvine Center Drive, Suite 100, Irvine, CA 92618.

3. Defendant sells the products at issue in this litigation, via its website, Amazon.com and various retail stores, to consumers in this District, throughout the State of California, and throughout the United States.

## JURISDICTION AND VENUE

4. This is an action for patent infringement under 35 U.S.C. §§ 271 *et seq.* brought by Plaintiffs against Defendant for Defendant's infringement of U.S. Patent No. 12,396,680 ("the '680 Patent") and U.S. Patent No. 12,318,220 ("the '220 Patent").

5. This Court has subject matter jurisdiction over Plaintiffs' claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because those claims arise under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

6. This Court has personal jurisdiction over Defendant by virtue of, *inter alia*, Defendant's conduct of business in this District; its purposeful availment of the rights and benefits of California law; and its substantial, continuous, and systematic contacts with the State of California and this District. On information and belief, Defendant: (1) intentionally markets and sells its infringing products to residents of this State; (2) enjoys substantial income from this State; and (3) maintains its principal place of business in this State.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this

District and has a regular and established place of business in this District.

## GENERAL ALLEGATIONS

8. The ’680 Patent is entitled “Communication Devices, Systems, and Methods” and issued on August 26, 2025, claiming priority to Application No. 18/958,622, filed on November 25, 2024, and to, *inter alia*, Provisional Application No. 62/575,951, filed on October 23, 2017. A true and correct copy of the ’680 Patent is attached hereto as Exhibit 1.

9. Matthew Robert Leaper is the named inventor of the inventions disclosed in the ’680 Patent. DataFeel Inc. is the assignee of the ’680 Patent, and Hyper Ice, Inc. is an exclusive licensee that has been granted the express, irrevocable right to, *inter alia*, sublicense, enforce, and defend the ’680 Patent.

10. This action arises out of Defendant’s direct infringement of the ’680 Patent.

11. Defendant offers for sale and/or sells products that infringe the ’680 Patent, including but not limited to the Powerboost Pro+ Hot & Cold Handheld Massager and the Powerboost Pro+ Hot & Cold Compact Handheld Massager (“the ’680 Accused Products”). Attached as Exhibits 2 and 3 are claim charts for the ’680 Accused Products.

12. Hyperice is informed and believes, and thereon alleges, that by no later than the date of this Complaint, Defendant knew of the ’680 Patent and knew, or acted with willful, intentional, and conscious disregard of the objectively high likelihood, that its conduct constitutes infringement of the ’680 Patent.

13. The ’220 Patent is entitled “Communication Devices, Systems, and Methods” and issued on June 3, 2025, claiming priority to Application No. 18/893,913, filed on September 23, 2024, and to, *inter alia*, Provisional Application No. 62/575,951, filed on October 23, 2017. A true and correct copy of the ’220 Patent is attached hereto as Exhibit 4.

14. Matthew Robert Leaper is the named inventor of the inventions disclosed in the ’220 Patent. DataFeel Inc. is the assignee of the ’220 Patent, and Hyper Ice, Inc. is an exclusive licensee that has been granted the express, irrevocable right to, *inter alia*, sublicense, enforce, and defend the ’220 Patent.

15. This action arises out of Defendant’s direct infringement of the ’220 Patent.

16. Defendant offers for sale and/or sells products that infringe the ’220 Patent, including but not limited to the Sharper Image Pulse Cupping Multifunction Massager (“the ’220 Accused Products”). Attached as Exhibit 5 is a claim chart for the ’220 Accused Products.

17. Hyperice is informed and believes, and thereon alleges, that by no later than the date of this Complaint, Defendant knew of the ’220 Patent and knew, or acted with willful, intentional, and conscious disregard of the objectively high likelihood, that its conduct constitutes infringement of the ’220 Patent.

## COUNT 1 - PATENT INFRINGEMENT

18. Plaintiffs incorporate by reference the allegations in Paragraphs 1–17 above.

19. Defendant has infringed and continues to infringe the ’680 Patent under the Patent Laws of the United States, 35 U.S.C. §§ 271 *et seq*. Defendant offers for sale and/or sells the ’680 Accused Products.

20. Defendant infringes at least Claim 1 of the ’680 Patent. The Accused Products are battery-powered devices that include the following claim limitations. Plaintiffs believe that the ’680 Accused Products literally meet the following claim limitations. If any of the limitations are not literally met, the ’680 Accused Products meet the limitations under the doctrine of equivalents, because they perform the same function in substantially the same way to achieve substantially the same result, and/or because the relevant structures and functions of the infringing products are insubstantially different from the claimed limitation:

A device, comprising:

a. a body housing a power source, a processing unit, and a bus including an electrical connector; and

b. a generator configured to be releasably secured to the body,

c. the generator comprising at least part of a first energy generator element and a second energy generator element, the first energy generator element and the second energy generator element being independently operable to convert electricity into a first energy type and a second energy type, respectively, and to communicate the first energy type and the second energy type toward an area of skin,

d. wherein the generator further includes one or more electrical conductors engageable with the electrical connector when the generator is secured to the body to provide at least one electrical pathway from the power source to the generator,

e. wherein the body includes a grip arranged to be grasped by a hand of a user applying a gripping force to maintain the first energy generator element and the second energy generator element on or adjacent the area of skin,

f. wherein the first energy generator element is an impact generator element and includes a drive mechanism, a piston, and a tissue contact surface that is linearly actuatable along an axis to contact and cause corresponding physical movement of the area of skin, and

g. wherein the second energy generator element is arranged coaxially about the axis.

21. Defendant's infringement of the '680 Patent has caused, and will continue to cause, significant damage to Plaintiffs. As a result, Plaintiffs are entitled to an award of damages adequate to compensate them for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284. Plaintiffs are also entitled to recover prejudgment interest, post-judgment interest, and costs.

22. As a result of Defendant's infringement of the '680 Patent, Plaintiffs have suffered irreparable harm and impairment of the value of their patent rights, and Plaintiffs will continue to suffer irreparable harm and impairment of the value of their patent rights, unless and until Defendant is permanently enjoined by this Court from infringing the '680 Patent under 35 U.S.C. § 283. Plaintiffs have no adequate remedy at law and are entitled to a permanent injunction against Defendant.

23. Defendant's infringement of the '680 Patent has been and continues to be willful. As noted above, Defendant has had knowledge of the '680 Patent and knew, or acted with willful, intentional, and conscious disregard of the objectively high likelihood, that its conduct constitutes infringement of the '680 Patent. Nevertheless, Defendant continues to infringe the '680 Patent—wanton, malicious, and egregious conduct that constitutes willful infringement under 35 U.S.C. § 284, entitling Hyperice to enhanced damages.

**COUNT 2 - PATENT INFRINGEMENT**

24. Plaintiffs incorporate by reference the allegations in Paragraphs 1–17 above.

25. Defendant has infringed and continues to infringe the '220 Patent under the Patent Laws of the United States, 35 U.S.C. §§ 271 *et seq*. Defendant offers for sale and/or sells the '220 Accused Products.

26. Defendant infringes at least Claim 1 of the '220 Patent. The Accused Products are battery-powered devices that include the following claim limitations. Plaintiffs believe that the '220 Accused Products literally meet the following claim

limitations. If any of the limitations are not literally met, the ’220 Accused Products meet the limitations under the doctrine of equivalents, because they perform the same function in substantially the same way to achieve substantially the same result, and/or because the relevant structures and functions of the infringing products are insubstantially different from the claimed limitation:

A treatment device, comprising:

a. a body containing a processing unit;

b. a pressure generator element and a heat generator element disposed within the body and being independently operable to output a pressure force and a heat flux configured to communicate with nerves associated with skin; and

c. a housing removably securable to the body, the housing having a proximal end and a distal end, the distal end of the housing being positionable on the skin,

d. wherein the housing includes an insulating material for limiting flows of the pressure force and/or the heat flux outside the housing.

27. Defendant’s infringement of the ’220 Patent has caused, and will continue to cause, significant damage to Plaintiffs. As a result, Plaintiffs are entitled to an award of damages adequate to compensate them for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284. Plaintiffs are also entitled to recover prejudgment interest, post-judgment interest, and costs.

28. As a result of Defendant’s infringement of the ’220 Patent, Plaintiffs have suffered irreparable harm and impairment of the value of their patent rights, and Plaintiffs will continue to suffer irreparable harm and impairment of the value of their patent rights, unless and until Defendant is permanently enjoined by this Court from infringing the ’220 Patent under 35 U.S.C. § 283. Plaintiffs have no adequate remedy at law and are entitled to a permanent injunction against Defendant.

29. Defendant's infringement of the '220 Patent has been and continues to be willful. As noted above, Defendant has had knowledge of the '220 Patent and knew, or acted with willful, intentional, and conscious disregard of the objectively high likelihood, that its conduct constitutes infringement of the '220 Patent. Nevertheless, Defendant continues to infringe the '220 Patent—wanton, malicious, and egregious conduct that constitutes willful infringement under 35 U.S.C. § 284, entitling Plaintiffs to enhanced damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Hyperice prays for the following relief:

1. That this Court enter judgment of infringement of the '680 Patent and the '220 Patent in favor of Plaintiffs and against Defendant;

2. That this Court enter judgment that Defendant has willfully infringed the '680 Patent and the '220 Patent;

3. That this Court enter a permanent injunction against Defendant from infringing the '680 Patent and the '220 Patent;

4. That this Court award Plaintiffs compensatory damages for infringement of the '680 Patent and the '220 Patent, as well as interest thereon;

5. That this Court award Plaintiffs their costs of suit;

6. That this Court award Plaintiffs increased damages in an amount not less than three times the damages assessed for Defendant's infringement of the '680 Patent and the '220 Patent, in accordance with 35 U.S.C. § 284.

7. That this Court declare this an exceptional case under 35 U.S.C. § 285 and award Plaintiffs their attorneys' fees and any other costs incurred in connection with this action;

8. That this Court award Plaintiffs prejudgment and post-judgment interest; and

9. That this Court grant such further relief as the Court deems just and proper.

DATED: August 7, 2026

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: *Benjamin Herbert*
Benjamin Herbert

POLSINELLI
Bill Di Blanca
Jordan Riviello

Attorneys for Plaintiffs
HYPER ICE, INC. and DATAFEEL, INC.